**JS6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,
and THE PEOPLE OF THE STATE OF
CALIFORNIA,

               Plaintiffs,

        vs.

CRI GENETICS, LLC, a limited
liability company, also doing business as
OMNIPGX,

               Defendant.

Case No. 2:23-cv-9824-RGK-AGR

**STIPULATED ORDER FOR
PERMANENT INJUNCTION,
MONETARY JUDGMENT FOR CIVIL
PENALTY, AND OTHER RELIEF**

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and
The People of the State of California, by Attorney General Rob Bonta
("California" or "The People"), filed their Complaint for Permanent Injunctive,
Monetary, and Other Relief ("Complaint"), for a permanent injunction, monetary
judgment, and other relief in this matter, pursuant to Section 13(b) of the Federal
Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b), California Business &
Professions Code, § 17200, *et seq.* ("the California Unfair Competition Law"),

and California Business & Professions Code § 17500, *et seq* ("the California False Advertising Law").

Plaintiffs and Defendant have agreed to entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order" or "Judgment") (lodged concurrently with this Stipulation) to resolve all claims against Defendant in this action.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the California Unfair Competition Law, and the California False Advertising Law, in connection with the advertising, marketing, and sale to consumers of DNA Information testing for ancestry and health-related traits and conditions.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

6.      Oleh Mulyar, aka Alex Mulyar ("Mulyar"), Defendant's current principal executive officer, consents to the jurisdiction of this Court for purposes of this Stipulation and Order and agrees to be bound by the terms of this Judgment.

7.     Defendant represents that, in accordance with its policy at the time that provided a no-questions-asked refund upon request, it issued approximately $5.9 million in refunds to over 99% of consumers that requested one from 2019 through April 2023. Defendant further represents that Defendant did not issue refunds in response to 389 refund requests from 2019 through 2022 due to a lack of consumer information.

8.     Entry of this Judgment reflects a negotiated agreement among Plaintiffs, Defendant, and CRI's Principal Executive Officer.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A. **"Affirmative Express Consent"** means any freely given, specific, informed, and unambiguous indication of an individual consumer's wishes demonstrating agreement by the individual, such as by a clear affirmative action, following a Clear and Conspicuous disclosure to the individual of: (i) the specific purpose(s) for which the information is being collected, used, or disclosed; (ii) the name of any entity who collects the information or to whom the information is disclosed; (iii) a simple, easily-located means for the consumer to withdraw consent; (iv) any limitations on the consumer's ability to withdraw such consent; and (v) all other information material to the provision of consent. The Clear and Conspicuous disclosure must be separate from any "privacy policy," "terms of service," "terms of use," or other similar document.  The following does not constitute Affirmative Express Consent:

1.     Inferring consent from the hovering over, muting, pausing, or closing of a given piece of content by the consumer;

2.     Inferring or obtaining consent from a disclosure provided at a hyperlink; or

CRI Genetics, LLC - Stipulated Order – Page 3

3.      Obtaining consent through a user interface that has the substantial effect of subverting or impairing user autonomy, decision-making, or choice.

B. "**Billing Information**" means any data that enables any person to access a consumer's account, such as a credit card, debit card, checking, savings, share or similar account, utility bill, or mortgage loan account.

C. "**Charge(s)**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including, but not limited to, causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D. "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

CRI Genetics, LLC - Stipulated Order – Page 4

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E.  "**Close Proximity**" means that the disclosure is very near the triggering representation.  For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

F.  "**Collateral**" means the industrial/commercial property in El Segundo, California (Parcel ID AIN 4135018005).

G.  "**Covered Information**" means information from or about an individual consumer, including: (1) a first and last name; (2) a physical address; (3) an email address or other online contact information, such as instant messaging user identifier or a screen name; (4) a telephone number; (5) a financial account number; (6) credit or debit card information; (7) DNA Information; (8) a persistent identifier, such as a customer number held in a "cookie," a static Internet Protocol ("IP") address, a mobile device

ID, processor serial number, user ID, or any other persistent identifier that can be used to recognize a user over time and/or across different devices, websites, or online services; or (9) any information combined with any of (1) through (8) above.

H. **"CRI Principal Executive Officer"** means Oleh Mulyar, aka Alex Mulyar, and refers to both his role as the principal executive officer of Defendant and his individual capacity where applicable.

I. **"Data Product"** means any models or algorithms developed in whole or in part using DNA Information that Defendant collected from any individual consumer.

J. "**Defendant**" means **CRI Genetics, LLC**, also doing business as **OmniPGX**, and its successors and assigns.

K. "**DNA Information**" means biological DNA samples and/or any individually identifiable information derived from an individual consumer's biological DNA sample, such as through genomic, molecular, and computational analyses (*e.g.*, by genotyping and whole or partial genome sequencing).

L. "**Material Connection**" means any relationship that materially affects the weight or credibility of any endorsement and that would not be reasonably expected by consumers.

M. **"Refund Policy"** means Defendant's refund policy attached hereto as **Attachment C**.

## ORDER

### I.  PROHIBITION AGAINST MISREPRESENTATIONS, INCLUDING FALSE AND/OR UNSUBSTANTIATED CLAIMS REGARDING DNA INFORMATION TESTING PRODUCTS AND SERVICES AND DATA PRODUCTS

**IT IS ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any DNA Information testing product or service are permanently restrained and enjoined from:

A. Making any misrepresentation, expressly or by implication:

    1. That Defendant's DNA Information testing product or service:

        a.  is more accurate or detailed than competitors' DNA Information testing products or services;

        b.  will show the geographic location of a consumers' ancestors with a 90 percent or higher accuracy rate;

        c.  will show exactly where consumers' ancestors came from or exactly when or where they arrived; or

    2.  That a patent has been obtained for any tool, software, algorithm, Data Product, or product or service related to DNA Information testing.

B. Making any representation, expressly or by implication, about the superiority, accuracy, efficacy, performance, or level of detail of any DNA Information testing product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and scientific evidence, to substantiate that the representation is

CRI Genetics, LLC - Stipulated Order – Page 7

true.

## II.  PROHIBITION AGAINST MISREPRESENTATIONS CONCERNING ENDORSEMENTS

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from making, or assisting others in making, any misrepresentation, expressly or by implication:

A. Regarding the objectivity or impartiality of any content, including any endorsement, review, rating, ranking, or star ratings of any entity offering those products or services;

B. Regarding the influence of compensation on any content, including any endorsement, review, rating, ranking or star ratings of any entity offering those products or services;

C.  Regarding any Material Connection between Defendant and any website, social media site, individual, or entity offering or affiliated with a product or service;

D.  That any endorsement of a product, service, or entity is (1) a truthful endorsement, or (2) by an actual or impartial user of the product, service, or entity; or

E.  Through the use of any endorsement of a product, service, or entity.

## III.  REQUIRED DISCLOSURE OF MATERIAL CONNECTIONS

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers,

CRI Genetics, LLC - Stipulated Order – Page 8

agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from making, or assisting others in making, any representation, expressly or by implication:

A. That Defendant's content is a source of information for products and services, (1) without disclosing, Clearly and Conspicuously, and in Close Proximity to the representation, the influence of any compensation on any such content or any other Material Connection between Defendant and any individual or entity affiliated with any such product or service; or (2) unless the representation is not otherwise misleading; or

B. Regarding any consumer or other endorser or a product, service, or entity, (1) without disclosing, Clearly and Conspicuously, and in Close Proximity to the representation, any Material Connection between such endorser and Defendant or any other individual or entity offering or affiliated with the product or service, and (2) unless the representation is not otherwise misleading.

## IV.   PROHIBITION AGAINST MISREPRESENTATIONS IN WEBSITE BILLING PROCESS

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from making

any misrepresentation, expressly or by implication, regarding:

    A.  When orders for products and services are final or complete;

    B.  When Charges occur;

    C.  Consumers' ability to confirm, edit, or delete products and services selected before Charges for such products and services occur;

    D.  Whether any products or services are available only for a short period of time or in a limited quantity;

    E.  Whether any products or services are special rewards or other offers only made available to individual consumers or a limited number of consumers;

    F.  The number or percentage of consumers that select to purchase any specific products or services; or

    G. Whether taking any action during the billing process will significantly interfere with the ordering process or result in multiple Charges.

## V.    USE OF CONSUMER BILLING INFORMATION TO OBTAIN PAYMENT

    **IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, or offering for sale, or sale of any product or service are permanently restrained and enjoined from using Billing Information to obtain payment from a consumer, until Defendant has Clearly and Conspicuously disclosed to the consumer the total cost the consumer will be Charged, the products or services for which the consumer

will be Charged, and how the consumer can withdraw consent to that Charge before Billing Information is used to obtain payment.

## VI.    REQUIRED DISCLOSURES RELATING TO WEBSITE BILLING

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any product or service are permanently restrained and enjoined from making any representation, expressly or by implication, regarding consumers' ability to confirm, edit, or delete products and services selected before Charges for such products and services occur, without disclosing, Clearly and Conspicuously, and in Close Proximity to the representation,

A. When orders for products and services are final or complete; and

B. When Charges will occur.

## VII.    NOTICE AND AFFIRMATIVE EXPRESS CONSENT

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; prior to using DNA Information collected from an individual consumer, must:

A. Clearly and Conspicuously disclose to the consumer from whom Defendant has collected DNA Information, separate and apart from any "privacy policy," "terms of use" page, or other similar document, all

CRI Genetics, LLC - Stipulated Order – Page 11

purposes for which Defendant will use, and to the extent applicable, share, the DNA Information; and

   B.   Obtain the Affirmative Express Consent of the consumer from whom Defendant collected the DNA Information.

## VIII.  COMPLIANCE WITH CALIFORNIA LAW

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, CRI Principal Executive Officer and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, or sale of any DNA Information testing product or service are permanently restrained and be enjoined from violating, causing others to violate, or assisting others in violating any provision of the following:

   A. California Business & Professions Code §17500 *et seq*. (California False Advertising Law), including by making any false or misleading statements;

   B. California Business & Professions Code §17200 *et seq*. (California Unfair Competition Law), including by violating the California False Advertising Law;

   C.  California Civil Code, § 1770 *et seq.* (California Consumers Legal Remedies Act), including by representing that their goods or services are of a particular standard, quality, or grade, when they are of another or advertising goods or services with intent not to sell them as advertised;

   D. California Civil Code, § 56.18 *et seq*. (California Genetic Information Privacy Act), including by failing to provide notice and/or

CRI Genetics, LLC - Stipulated Order – Page 12

obtain express consent related to use and disclosure of genetic testing data; and

E.   California Civil Code, § 1798.100 *et seq*., and California Code of Regulations, tit. 11, § 7000 *et seq*. (California Consumer Privacy Act), including by failing to offer and/or process California consumers' rights to opt-out of sale or sharing of personal information, failing to require opt-in for minors and/or their parents of sale or sharing of personal information, or failing to limit the use and disclosure of sensitive personal information.

## IX.   NOTICE TO PURCHASERS

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Defendant shall send by electronic mail an exact copy of the notice attached as **Attachment A**, showing the date of the mailing, to any consumer who purchased a DNA Information testing product or service from January 2017 through May 2021.

## X.   COMPLIANCE WITH REFUND POLICY

**IT IS FURTHER ORDERED** that:

A. Defendant shall post a copy of the Refund Policy on its website under any Frequently Asked Questions or appropriate location likely to be found by consumers.

B. Defendant shall issue refunds according to the Refund Policy.

C. Defendant shall issue refunds in response to refund requests it received from 2019 through 2022 but did not grant due to lack of consumer information, if it receives information sufficient to provide the refund.

## XI.   MANDATED DELETION OF CERTAIN COVERED INFORMATION

**IT IS FURTHER ORDERED** that Defendant; Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, acting on behalf of Defendant; must:

A. Delete or destroy all Covered Information collected by Defendant from all consumers who purchased Defendant's DNA Information testing products or services, who received a full refund of the purchase price on or before the date of entry of this Order, and who request such deletion or destruction.  Defendant must notify all such consumers within 14 days of the date of entry of this Order by providing the notice in **Attachment B** and must delete or destroy the Covered Information within 14 days of a consumer's request. Within 365 days after the date of entry of this Order, Defendant must submit a written statement to the Commission and California, sworn under penalty of perjury, confirming the deletion or destruction and any exceptions.

B.  Delete or destroy all Covered Information collected by Defendant from any consumer who purchases Defendant's DNA Information testing products or services who is entitled to a full refund of the purchase price after the date of entry of this Order, and who requests such deletion or destruction. Defendant must Clearly and Conspicuously disclose consumers' right to delete or destroy their Covered Information, including the steps needed to request such deletion or destruction and obtain written confirmation.

CRI Genetics, LLC - Stipulated Order – Page 14

*Provided, however,* that any Covered Information that Defendant is otherwise required to delete or destroy pursuant to this provision may be retained, and may be disclosed, as requested by a government agency or otherwise required by law, regulation, court order, or other legal obligation, including as required by rules applicable to safeguarding of evidence in pending litigation.  In each report required by the Order, Defendant must describe in detail the information that Defendant excepted and the specific legal obligation that precludes Defendant from deleting or destroying such information.

## XII.   ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Defendant obtains acknowledgments of receipt of this Order:

A. Within 30 days of entry of this Order, Defendant, and separately the CRI Principal Executive Officer, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant, and the CRI Principal Executive Officer for any business that he, individually or collectively, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees and agents having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 30 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume

their responsibilities.

C. From each individual or entity to which a copy of this Order was delivered, Defendant or the CRI Principal Executive Officer must obtain, within 30 days of delivery, a signed and dated acknowledgment of receipt of this Order.

## XIII.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant and the CRI Principal Executive Officer make timely submissions to the Plaintiffs:

A. One year after entry of this Order, the CRI Principal Executive Officer must submit a compliance report, sworn under penalty of perjury, and separately, Defendant, must submit a compliance report, sworn under penalty of perjury:

1.  Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all businesses owned or controlled by Defendant by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement, if any, of the CRI Principal Executive Officer (which the CRI Principal Executive Officer must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Plaintiffs.

2. Additionally, the CRI Principal Executive Officer must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which the CRI Principal Executive Officer performs services whether as an employee or otherwise and any entity in which the CRI Principal Executive Officer has any ownership interest; and (c) describe in detail the CRI Principal Executive Officer's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 30 days of any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Additionally, for five years, the CRI Principal Executive Officer must submit a compliance notice, sworn under penalty of perjury, within 30 days of any change in: (a) name, including aliases or fictitious name, or residence address; (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or (c) ownership interest in the Collateral, security interest in the Collateral, or any other issue that may impact California's interest in or

CRI Genetics, LLC - Stipulated Order – Page 17

ability to liquidate the Collateral; *provided, however* that the CRI Principal Executive Officer may cease reporting any further changes related to subpart(c) upon full payment of the civil penalties provided under Section XVI.

D.  Until all civil penalties are paid, Defendant, and the CRI Principal Executive Officer must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant or the CRI Principal Executive Officer respectively, within 30 days of its filing.

E.  Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America, and under the laws of the State of California, that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

F.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. CRI Genetics, LLC, Matter No. 2123005.

G. Unless otherwise directed by a representative from the Office of the California Attorney General in writing, all submissions to California pursuant to this Order must be emailed to mike.osgood@doj.ca.gov (cc to

privacy@doj.ca.gov) *and* sent by overnight courier (not the U.S. Postal Service) to:  Senior Assistant Attorney General, Consumer Protection Section, Office of the Attorney General, California Department of Justice, 455 Golden Gate Avenue, Suite 11000, San Francisco, California, 94102. The subject line must begin:  FTC v. CRI Genetics, LLC, Matter No. SF2021402346.

## XIV.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order and retain each such record for 5 years.  Specifically, Defendant must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records sufficient to show, for each person having managerial responsibilities related to this Order, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records of any market, behavioral, or psychological research, or user, customer, or usability testing, including any A/B or multivariate testing, copy testing, surveys, focus groups, interviews, clickstream analysis, eye or mouse tracking studies, heat maps, or session replays or recordings concerning the subject matter of this Order;

E. All records necessary to demonstrate full compliance with each

CRI Genetics, LLC - Stipulated Order – Page 19

provision of this Order, including all submissions to any of the Plaintiffs; and

F.  A copy of each unique advertisement or other marketing material.

G. In addition, the CRI Principal Executive Officer, for any business that he, individually or collectively is a majority owner or controls directly or indirectly, must create the records identified in Section XIV(A)-(F) for 5 years after entry of the Order and retain each such record for 5 years.

## XV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant and the CRI Principal Executive Officer's compliance with this Order:

A. Within 30 days of receipt of a written request from a representative of the Plaintiffs, Defendant and the CRI Principal Executive Officer, must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, Plaintiffs are authorized to communicate directly with Defendant, and the CRI Principal Executive Officer.  Defendant must permit representatives of Plaintiffs to interview any employee or other person affiliated with the CRI Principal Executive Officer or Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

CRI Genetics, LLC - Stipulated Order – Page 20

C.  Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendant, the CRI Principal Executive Officer or any individual or entity affiliated with Defendant or the CRI Principal Executive Officer, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Nothing in this Judgment limits the California Attorney General's otherwise lawful use of compulsory process, including pursuant to California Government Code § 11180, *et seq*.

## XVI. MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Seven Hundred Thousand Dollars ($700,000) is entered in favor of California against Defendant and the CRI Principal Executive Officer jointly and severally, as civil penalties.  The payment shall be allocated and used in accordance with California Business & Professions Code, §§ 17206 and 17536.  This civil penalty is a non-dischargeable debt under 11 U.S.C. § 523(a)(7) because it is a fine or penalty payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss.

B.  Defendant and the CRI Principal Executive Officer shall take no deduction, capital loss, write-off, or any other tax benefit on any federal or state tax return, amended tax return, IRS Form 1045, or any other tax filing, for payments toward satisfaction of this Judgment.  Defendant and the CRI

CRI Genetics, LLC - Stipulated Order – Page 21

Principal Executive Officer shall cooperate in the filing of any tax forms required by state or federal law.

C. This civil penalty shall be deemed satisfied and extinguished if Defendant and the CRI Principal Executive Officer timely pay a settlement sum totaling $700,000.00 as follows:

1. Within 30 days from entry of the Judgment, Defendant and/or the CRI Principal Executive Officer make a payment totaling $175,000.00 to California; and

2. Within one year from entry of the Judgment, and every one-year anniversary thereafter, Defendant and/or the CRI Principal Executive Officer makes a further payment totaling $175,000.00, until the full civil penalty is paid.

D. Defendant and the CRI Principal Executive Officer agree that California may secure the payments specified in Section XVI.C ("Deferred Payments") with a lien against any real commercial property owned, whether in whole or part, directly or indirectly, by the owners of Defendant or the CRI Principal Executive Officer.  Defendant and the CRI Principal Executive Officer represent that they have the right and authority to grant California the security interests in the Collateral and that such Collateral is believed by them to have adequate equity to satisfy the remaining balance of the unpaid penalties.  Defendant and the CRI Principal Executive Officer, at their expense, shall provide California the security interests in the Collateral including, but not limited to, cooperating with and taking all steps necessary to perfect and protect California's secured interest in the Collateral, and signing and delivering all necessary instruments to California.  In the event that Defendant and/or the CRI Principal Executive Officer fail to provide the security interest in the Collateral by within 90

days of entry of this Order, the entire outstanding balance of the Judgment, including interest at the legal rate accruing on the unpaid amount as of the date of entry of this Judgment, shall be immediately due and payable to California. Should Defendant and/or the CRI Principal Executive Officer timely make all the required payments specified in Section XVI.C, California agrees to take all necessary action to remove the liens on the Collateral and provide Defendant and the CRI Principal Executive Officer with an executed notice and acknowledgment of satisfaction of judgment within 30 days of receipt of final payment.

E.  In the event any Deferred Payment is not made by the due date, the entire outstanding balance of the Judgment, including interest at the legal rate accruing on the unpaid amount as of the date of entry of this Judgment, shall be immediately due and payable to California, and the CRI Principal Executive Officer consents to entry of an order in this case appointing an equity receiver to take possession of and liquidate the Collateral.

## XVII.  RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Plaintiffs' agreement to, and the Court's entry of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of the representations Defendant, the CRI Principal Executive Officer and their counsel provided to Plaintiffs regarding Defendant's and the CRI Principal Executive Officer's financial condition and refunds issued by Defendant.  Plaintiffs materially relied upon these representations regarding Defendant's and the CRI Principal Executive Officer's financial condition and refunds issued by Defendant in negotiating and agreeing to the terms of this Judgment.

B.  If, upon motion, this Court finds that Defendant or the CRI Principal Executive Officer intentionally made a material misrepresentation or omitted material information in the representations provided by Defendant and the CRI Principal Executive Officer, or on their behalf by counsel, regarding Defendant's or the CRI Principal Executive Officer's financial condition or refunds issued by Defendant, then the monetary judgment shall become immediately due and payable to California, without notice to Defendant or the CRI Principal Executive Officer, in the amount of $700,000.00 plus interest at the legal rate from the entry date of this Judgment, less any payments made to California. If California has filed a Notice of and acknowledgement of Satisfaction of Judgment it shall immediately and automatically be vacated and set aside.

## XVIII.   PROHIBITED PRACTICES BY RELATED BUSINESSES

**IT IS FURTHER ORDERED** that, for a period of 5 years following the entry of this Order, the prohibitions in Sections I through VII enjoining certain acts with respect to Defendant shall also apply to the CRI Principal Executive Officer and to any other business where he individually or collectively is a majority owner, has direct or indirect control, and/or is the principal executive officer of such other business.  During the 5-year period following the entry of this Order, any violation of those Sections by any business for which the CRI Principal Executive Officer is individually or collectively a majority owner, and/or is a principal executive officer shall be deemed violations of this Order by the CRI Principal Executive Officer and shall also be deemed unlawful business practices under California Business & Professions Code, § 17200, *et seq*., to the extent the CRI

Principal Executive Officer knew of or should have known of those violations.

## XIX.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2023.**
**11TH**        **DECEMBER**

_____

The Honorable R. Gary Klausner

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**
[On CRI Genetics, LLC Letterhead]
[From CRI Genetics, LLC email address]

**IMPORTANT NOTICE ABOUT COURT SETTLEMENT
REGARDING CRI GENETICS, LLC DNA ANCESTRY TEST KITS**
[content of letter, 16-point font]

Dear [Recipient]:

Our records indicate that you had previously purchased a DNA testing product or service from CRI Genetics, LLC ("CRI"). The Federal Trade Commission ("FTC") and the California Attorney General have settled claims against CRI alleging that, among other things, CRI claimed that its DNA ancestry testing is the most accurate and detailed DNA ancestry testing available on the market, without having adequate evidence to support that claim when CRI made it. CRI has agreed not to make that claim in the future without adequate support for it.

Please note that the FTC and the California Attorney General didn't allege that CRI has failed to safeguard your DNA information or that the information in the ancestry report you received is inaccurate.

You can read more about the settlement here [link to FTC press release].

CRI Genetics, LLC - Stipulated Order – Page 26

**ATTACHMENT B**

[On CRI Genetics, LLC Letterhead]
[From CRI Genetics, LLC email address]


**IMPORTANT NOTICE ABOUT YOUR DNA INFORMATION**
[content of letter, 16-point font]


Our records indicate that you had previously purchased a DNA testing product or service from CRI Genetics, LLC ("CRI"). The Federal Trade Commission ("FTC") and the California Attorney General have settled claims against CRI alleging that, among other things, CRI claimed that its DNA ancestry testing is the most accurate and detailed DNA ancestry testing available on the market, without having adequate evidence to support that claim when CRI made it.  CRI has agreed not to make that claim in the future without adequate support for it.


Please note that the FTC and the California Attorney General didn't allege that CRI has failed to safeguard your DNA information or that information in the ancestry report that you received is inaccurate.


You can read more about the settlement here [link to FTC press release].


CRI has agreed to delete or destroy your personal and DNA information upon your request, in accordance with the terms of the settlement. To request deletion or destruction of this information, [fill in the opt-in instructions].  Please also note that once CRI deletes your information, you will no longer be able to access your purchased reports.

## ATTACHMENT C

**8-Week Efficiency Guarantee**

At CRI Genetics, we value your time and trust in our services. The lab process of examining DNA can be very time-consuming, especially if there are several customer samples to process at once. With this in mind, we're proud to offer a unique "8-Week Efficiency Guarantee" designed to provide you with your genetic reports promptly. Here's what it means for you:

Your 8-week countdown starts not from the time of purchase, but from the moment our lab receives your DNA sample. Every DNA sample received is subject to a quality control inspection. This is to ensure there is enough viable DNA in the sample to process. If any issues arise during the quality control inspection, we'll send you a replacement DNA test kit at no extra cost. The 8-week countdown will then restart when the lab receives your new sample.

In rare occasions, your DNA sample may pass quality inspection, but a small handful of reports may still show up as "inconclusive results." If this happens with your results, you will be eligible for a prorated refund of the reports missing from your order. Similarly, if an add-on (individually purchased) report such as Y-DNA has inconclusive results, you will be refunded for that add-on. Your satisfaction is vital to us, and we're committed to ensuring you get the insights you're looking for.

In the rare scenario where we're unable to deliver any of your results within 8 weeks from when we receive your sample, we promise a full refund. If only a fraction of your reports are unavailable, we'll adjust your refund proportionally, ensuring fairness and transparency.

Our "Efficiency Guarantee" is our commitment to you for timely, reliable genetic insights.

Unused Kits Sales

Stated Policy: To qualify for a refund. you must notify us within (90) days after your order is placed. We must confirm that your samples have not been shipped to our laboratory.

### Used Kits Sales

Stated Policy: If your kit has been delivered to the laboratory, and you receive your results within the 8 week efficiency guarantee you may not be eligible for a refund.

### Report Subscription

Stated Policy: Initial Subscription refunds: You have up to 30 days after your initial order purchase of your subscription to refund your orders.

Renewal Subscription Refunds: You have up to 7 days after your renewal subscriptions to refund your orders. If you cancel your subscription renewal after 7 days, you will retain access to your services for the remainder of the subscription but will not be eligible for a refund.

### Report Credits

Stated Policy: Credits purchases are not refundable unless reports purchased have an inconclusive result.

Please contact customer care at USA 1-800-571-9216, UK +44-800-368-8243 to process your
refund inquiry.